## IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL E. ATER, II, a Minor by and Through His Mother and Next Friend, CHERYL ATER, et al. | : : : : | |
| Plaintiffs, | : : | Case No.  C2 00 934 |
| vs. | : : : | Judge Holschuh<br>Magistrate Judge King |
| PHYLLIS FOLLROD, R.N., et al. | : : | |
| Defendants. | : | |

### *DEFENDANT, MADISON COUNTY HOSPITAL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY OF EXPERT WITNESSES AND PRODUCTION OF DOCUMENTS*

Plaintiffs allege that these Defendants have failed to cooperate in scheduling discovery depositions of Defendants' experts. The depositions of Plaintiffs' experts are not even yet complete. As recently as May 21, 2004, the deposition of Plaintiff's maternal fetal expert, Dr. Harlan Giles, was just completed.  Plaintiffs' experts yet to be deposed include treating neonatologist Dr. John Seguin and John Burke.  Due to scheduling problems of all parties involved Dr. Seguin's deposition has yet to be scheduled.  His testimony as a treating physician would certainly impact the opinions of the defendants' experts as his testimony may provide additional factual evidence not heretofore known. To depose defendants' experts prior to the deposition of Dr. Seguin would potentially result in the need for the second deposition of defendants' experts.  Additionally, Plaintiffs has indicated they would be naming an additional pediatric neurology expert who is yet to be disclosed or deposed.

Following Plaintiffs' requests for deposition dates for these experts, efforts have been made to obtain dates for the depositions of Defendants' experts and those are being provided to Plaintiffs' counsel as we speak. In light of the conflicting schedules of the various experts and counsel, it is difficult to obtain mutually agreeable and convenient dates, but Defendants are doing their utmost to provide several potential dates in the future for these depositions. Counsel for plaintiffs has indicated a limited schedule this summer due to various conventions he must attend.

The second part of Plaintiffs' motion to compel, alleges that Defendants are withholding medical records, which were ordered to be produced in the Court's February 23, 2004 Order. Plaintiffs go through great statistical gyrations to allege that these Defendants are somehow withholding records concerning deliveries of infants age 34 weeks or less and premature resuscitations. Plaintiffs utilize statistics that they claim they have obtained from the Ohio Department of Vital Statistics. These statistics are misleading in that the they list all births of any resident of Madison County for a specific year and not those born at Madison County Hospital. These figures include any number of Madison County residents who traveled to other hospitals in counties surrounding Madison County and had their babies delivered there. The actual figures are attached to the affidavit of John O. Paulson, M.S. of the Center for Vital Statistics of the Ohio Department of Health (See Affidavit of John O. Paulson, attached as Exhibit A). This affidavit shows the figures used by plaintiffs are misleading in that they are the figures for the total number of births **for all the residents of Madison County** and not those delivered at the defendant hospital.

The defendants have combed their records, storage locations, and microfiche archives in an effort to provide complete responses to plaintiff's requests. Defendants have produced over six hundred pages of medical records within the parameters established by the Court. Plaintiffs repeated requests for privileged medical records is unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  It is believed that all records meeting plaintiffs' requests and the Court's order have been produced.

Plaintiffs renew their request for sanctions for alleged discovery abuse.  Such sanctions are unwarranted.  Defendants have complied with the requested document production despite great burden in searching for these records.  The depositions are being scheduled based on the varying schedules of these experts and the attorneys.  Based on the above, plaintiff's motion to compel and motion for sanctions should be denied.

>     Respectfully submitted,
>
>     Brian M. Kneafsey, Jr.
>     _____
>     Brian M. Kneafsey, Jr. (0061441)
>     Warren M. Enders (0009406)
>     **REMINGER & REMINGER CO., L.P.A.**
>     Courthouse Square
>     505 South High Street
>     Columbus, OH  43215
>     (614) 461-1311
>     (614) 469-7177 (Facsimile)
>     *Counsel for Defendants*

## CERTIFICATE OF SERVICE

A copy of the foregoing was forwarded via facsimile and regular U.S. mail, postage prepaid, this _____ day of June, 2004, to:

H. Lee Thompson, Esq.
**H. LEE THOMPSON &
ASSOC. CO., L.P.A.**
85 East Gay Street, Suite 810
Columbus, Ohio  43215

Leslie Weisbrod, Esq.
Isobel Thomas
William Newman
10260 North Central Expressway
Suite 100N
Dallas, Texas  75231
*Attorneys for Plaintiffs*

                Brian M. Kneafsey, Jr.
                _____
                Brian M. Kneafsey, Jr.